O

# United States District Court
# Central District of California

KERRY CLASBY,

         Plaintiff,

   v.

DRAGAN IVANOVIC, et al.,

         Defendants.

Case No. 2:18-cv-02313-ODW (JPRx)

**ORDER GRANTING MOTION TO BE RELIEVED AS ATTORNEYS OF RECORD FOR KERRY CLASBY [133]**

## I. INTRODUCTION

Marc Rohatiner and his firm Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, counsel of record for Plaintiff Kerry Clasby, seek leave to withdraw as counsel. (Mot. to be Relieved as Att'ys of R. ("Mot."), ECF No. 133.) The Motion stands unopposed. For the reasons discussed below, the Court **GRANTS** the Motion.[1]

## II. BACKGROUND

On March 21, 2018, Clasby filed this suit against Defendants for Misappropriation of Trade Secrets, Breach of Fiduciary Duty, and Violation of California Business & Professions Code sections 17200, *et seq.*, alleging harm to her

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

business of procuring high-quality produce for high-end restaurants in Los Angeles. (*See* Compl., ECF No. 1.)

Clasby retained Rohatiner in October 2017, but Rohatiner claims the relationship between him and Clasby has deteriorated since February 2019. (Decl. of Marc E. Rohatiner ("Rohatiner Decl.") ¶¶ 3–4.) On March 7, 2019, Rohatiner moved to withdraw as counsel. (Mot. to be Relieved as Counsel ("First Mot."), ECF No. 47.) At the time, Rohatiner explained that Clasby had grown unresponsive and uncommunicative due to her increasing distrust of and animosity towards Rohatiner's ability to conduct her case. (*Id.* ¶ 4.) However, on April 1, 2019, the Court denied Rohatiner's first motion to withdraw without prejudice because at the time, trial was scheduled to begin within the month. (*See* Min. of Pretrial Conf., ECF No. 77.)

On August 2, 2019, the Court vacated trial dates and stayed this case pending a decision by the California Supreme Court as to the retroactivity of the decision in *Dynamex Operations West, Inc. v. Superior Court*, 4 Cal. 5th 903 (2018). (Order Staying Case, ECF No. 115.) With no trial date currently set, Rohatiner once again moves for leave to withdraw as counsel of record for Clasby. (*See* Mot.) Rohatiner claims his attorney-client relationship with Clasby has become "increasingly strained" because they fundamentally disagree about how to conduct the case; Clasby has repeatedly expressed a lack of trust in Rohatiner's judgment; Clasby has failed to pay $157,494.98 in legal fees owed to Rohatiner; and Clasby fails to communicate with Rohatiner out of distrust and animosity. (Mot. 3; Rohatiner Decl. ¶¶ 6–7.) Rohatiner further declares that "with the passage of time, the animosity and tension have only been exacerbated" between him and Clasby. (Rohatiner Decl. ¶ 8.)

### III. LEGAL STANDARD

An attorney must obtain leave from the court to withdraw as counsel. C.D. Cal. L.R. 83-2.3.2. Additionally, an attorney seeking leave to withdraw must provide their client and all other parties with advanced written notice of their intent to withdraw. C.D. Cal. L.R. 83-2.3.2. Ultimately, the decision to grant or deny the motion to

withdraw as counsel lies within the trial court's discretion. *Bernstein v. City of Los Angeles*, No. CV 19-03349 PA (GJSx), 2020 WL 4288443, at *1 (C.D. Cal. Feb. 25, 2020) (citing *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998)).

To determine whether a movant has shown good cause for withdrawal, courts consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Morfin v. Allstate Prop. & Cas. Ins. Co.*, No. SACV 19-603 JVS (KESx), 2019 WL 7205882, at *1 (C.D. Cal. Oct. 24, 2019) (citing *Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, No. CV 09-3200 PSG (VBKx), 2009 WL 2337863, at *1 (C.D. Cal. July 28, 2009)). "Unless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion." C.D. Cal. L.R. 83-2.3.5.

## IV. DISCUSSION

Rohatiner seeks leave to withdraw as Clasby's counsel. As a preliminary matter, Rohatiner represents that he provided advanced written notice to Clasby of his intent to withdraw. (Rohatiner Decl. ¶ 10.) It also appears from Rohatiner's declaration that he provided prior notice to Defendants, who communicated to him that they would not oppose the Motion. (*See id.* ¶ 9.) Thus, the Court considers the relevant factors to determine whether good cause supports Rohatiner's withdrawal.

*1.    Reasons Why Withdrawal Is Sought*

First, Rohatiner seeks withdrawal for a number of reasons. As mentioned above, Rohatiner claims that Clasby: fundamentally disagrees with Rohatiner about how to conduct the case; no longer trusts Rohatiner's judgment; owes $157,494.98 in unpaid legal fees; and fails to communicate with Rohatiner due to distrust and animosity. (Mot. 3; Rohatiner Decl. ¶¶ 6–7.) Although Rohatiner places great emphasis on the fact that Clasby owes a significant amount in legal fees (Mot. 4–5.), Clasby's failure to pay down her incurred fees is insufficient on its own to establish

good cause. C.D. Cal. L.R. 83-2.3.2 ("Failure of the client to pay agreed compensation is not necessarily sufficient to establish good cause.").

Regardless, Rohatiner's Motion does not solely rely on Clasby's failure to pay. Although limited by his ethical obligation to maintain client confidences, Rohatiner indicates that Clasby's behavior has made it unworkable to represent her. (Mot. 4–6.) Rohatiner points to Clasby's repeatedly expressed lack of trust and confidence in his judgment, which has resulted in an increase in Clasby's animosity toward him. (*Id.*) Additionally, Rohatiner indicates Clasby has "remained unresponsive to requests for material and information necessary" to conduct discovery and prepare for trial. (*Id.* at 5.) Rohatiner's declaration stands unrebutted; thus, the Court finds that the breakdown in Rohatiner and Clasby's relationship, as well as Clasby's unresponsiveness, constitute sufficient reasons for the Court to permit Rohatiner's withdrawal. *See Alvarez v. Bimbo Bakeries USA, Inc.*, No. EDCV 19-387 JGB (SPx), 2019 WL 7875050, at *2 (C.D. Cal. Oct. 8, 2019) (permitting withdrawal based on "a permanent and irreparable break in the attorney-client relationship"); *Hammatt v. Standard Ins. Co.*, No. 16-cv-1285-VAP (SPx), 2017 WL 10059293, at *2 (C.D. Cal. Aug. 4, 2017) ("The lack of a cooperative relationship between an attorney and her client may, at times, justify the attorney's withdrawal."). Based on these additional reasons for withdrawal, this factor weighs in favor of granting the Motion.

  2. *Possible Prejudice to Other Litigants, Harm to the Administration of Justice, and Delay to the Resolution of the Case*

The second, third, and fourth factors also support a finding of good cause for withdrawal because this matter is currently stayed, and no trial date has been set. (*See* Order Staying Case (vacating trial dates).) Further, no Defendants oppose the Motion. (Rohatiner Decl. ¶ 9.) Under these circumstances, the Court finds that Rohatiner's withdrawal would not prejudice other litigants, harm the administration of justice, or delay resolution of the case. *See Brandon v. Blech*, 560 F.3d 536, 537–39 (6th Cir. 2009 (finding district court abused its discretion in denying motion to withdraw while

case was stayed). Accordingly, the Court finds that all factors weigh in favor of granting Rohatiner's Motion.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Rohatiner's Motion. (ECF No. 133.) It is hereby **ORDERED** that:

1. Rohatiner shall immediately serve Clasby with a copy of this Order.
2. Rohatiner shall file with the Court a (Proposed) Order on Request for Approval of Substitution or Withdrawal of Attorney, G-01 Order, providing Clasby's contact information, including her mailing address, e-mail address, and telephone number, **within five days** of the date of this Order. Withdrawal will not be effective until this (Proposed) G-01 Order is filed.
3. Clasby may either continue pro se or retain new counsel. If Clasby does not retain new counsel, she shall represent herself *pro se* by default. If Clasby proceeds *pro se*, she must comply with all Court Orders, the Local Rules, and the Federal Rules of Civil Procedure.[2] *See* C.D. Cal. L.R. 83-2.2.3. **Non-compliance with Court Orders may result in the imposition of sanctions, including but not limited to the dismissal of the case with prejudice.**

**IT IS SO ORDERED.**

November 3, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[2] The Local Rules are available at http://www.cacd.uscourts.gov/court-procedures/local-rules. The Court may not provide legal advice to any party, including pro se litigants. There is a "Pro Se Clinic" in the courthouse that can provide information and assistance regarding civil litigation in this Court. The clinic is administered by Public Counsel, a public interest law firm, and it is open **by appointment only** to members of the public on Mondays, Wednesdays, and Fridays from 9:30 a.m. to noon and 2:00 p.m. to 4:00 p.m. The clinic is in the Roybal Federal Building and Courthouse, 255 East Temple Street, Suite 170, Los Angeles, CA 90012. Additional information for pro se litigants can be found on the Central District's website at the following url: http://prose.cacd.uscourts.gov/.